GEORGE WHITE v. THE MAYOR, ALDERMEN AND COMMONALTY
OF THE CITY OF NEW YORK.

The charter of the city of New York, as amended in 1849, empowered the
head of each department in the city government to "nominate, and by
and with the consent of the board of aldermen," to "appoint the heads of
bureaux" in such department. *Held,* that in the absence of any provision as
to the removal or term of office of the head of a bureau, the latter might
be removed by the head of department and a person nominated in his place,
but that such removal would not take effect until the nomination of the
successor should be confirmed by the board of aldermen.

THIS action was prosecuted against the corporation of New
York, to recover a quarter's salary alleged due to the plaintiff
for services as superintendent of streets.

The twentieth section of the charter of the city, as amended
in 1849, (Sess. Laws, chap. 187, p. 278,) contains the follow-
ing provision: "The heads of departments shall nominate,
and by and with the consent of the board of aldermen, ap-
point the heads of bureaux in their several departments."

The office of superintendent of streets constituted a bureau
in the department of streets and lamps. At some period
prior to the 1st of April, 1854, the plaintiff was nominated
by the commissioner of streets and lamps—the latter being
the head of the department above mentioned—and was con-
firmed by the board of aldermen, as superintendent of streets.
It did not appear that there existed any statutory provision
or any ordinance of the common council, prescribing his
term of office or directing a mode of removal.

On the 19th of May, 1854, the commissioner of streets and
lamps served upon the plaintiff a written notice, to the effect
that his services were no longer required; and also gave no-
tice in writing to one Erastus W. Glover, stating that the lat-
ter was thereby appointed to the situation in question. On
the same day, the commissioner sent to the board of al-

dermen a communication requesting the confirmation of Glover.

On the 8th of June, the mayor administered the oath of office to Glover, but his appointment was not confirmed until the 3d of July.

It was proved that the duties appertaining to the office were performed by Glover from the 16th of May onward; and by the plaintiff without interruption, but against the remonstrances of the commissioner, until July.

The cause was tried before INGRAHAM, FIRST J., who decided that the plaintiff was not legally removed until his confirmation on the 3d of July. Judgment was awarded in his favor for salary from the 1st of April to the 1st of July, at the rate of $1,750 per annum, being the salary fixed, in respect to this office, by an ordinance of the common council, passed in 1849, and amended in 1852. The plaintiff appealed.

*Robert J. Dillon,* (counsel to the corporation,) made and argued the following points:

1. The commissioner of streets and lamps, as the head of a department, had the right to appoint the plaintiff as the head of a bureau in his department. (Amended Charter of 1849, § 20.)

2. The right of appointment implied the right of removal. (*Ex parte,* 13 Peters, 225; *People* v. *Comptroller,* 20 Wend. 595.)

3. The removal dates from the notice, and does not depend upon the confirmation of a successor. (Story on the Constitution, 2, § 1,545.)

*Daniel T. Walden* and *Theo. E. Tomlinson,* for the plaintiff, cited Wilcock on Mun. Corp. 253, 254; Amos & Ames on Corp. 416; *Rex* v. *Richardson,* 1 Burr, 539; Grant on Corp. 240, 241, 244; 3 Story Com. on Constitution, §§ 1,532, 1,533, 1,537, p. 396, and note; The Federalist, No. 77; 1 Kent Com. § 14, pp. 289, 290; *The People* v. *Carrique,* 2 Hill, 93.

per Bronson, J., 104; Laws 1849, p. 283, § 20; Laws 1851, p. 1,001, § 2; Grant on Corp. 241, note *i.*; ib. 243, 244; *Reg.* v. *Thomas*, 8. A. & E. 183; *People* v. *Runkin*, 9 Johns. R. 147; Amos and Ames on Corp. 106–8; *Thomas* v. *Owens*, 4 Maryland R. 189; 6 Cow. 23; *Hall* v. *The Mayor, &c., of Swansea*, 5 Q. B. 545; Grant on Corp. 245, note *u*.

By THE COURT. DALY, J.—The appointment is by the commissioner and by the board of aldermen. The one nominates and the other confirms, and the act of both is essential to a valid appointment. The plaintiff was thus appointed, and there was no appointment of a successor until the nomination of Glover was confirmed by the board of aldermen. Until that day, the 3d of July, 1854, he was the superintendent of streets, and was entitled to recover the quarter's salary.

Judgment affirmed.